IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | | |
|---|---|---|
| Jessie B. Hayes, | ) | C/A 2:14cv3393-DCN-WWD |
| | ) | |
| Plaintiff, | ) | **REPORT AND RECOMMENDATION** |
| | ) | |
| vs. | ) | |
| | ) | |
| Patrick R. Donahoe, Postmaster | ) | |
| General, US Postal Service, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

This action nominally alleging employment discrimination[1] under Title VII brought by Jessie B. Hayes, a former employee[2] of the United States Postal Service, proceeding pro se was originally filed in the Court of Common Pleas, Ninth Judicial Circuit, Charleston County, South Carolina, on July 15, 2014. (Dkt. 1). The Defendant, Patrick R. Donahoe, Postmaster General of the United States Postal Service, properly removed the action on August 21, 2014, asserting this court has jurisdiction because the Plaintiff claims employment discrimination and because the Plaintiff named an officer of the United States as a Defendant. (See Dkt. No. 1 at 1-2.)

On August 27, 2014, the Defendant filed a Motion to Dismiss for Failure to State a Claim upon which Relief can be Granted under FED. R. CIV. P. 12(b)(6). (See Dkt. No.

---

[1]Attached to the Plaintiff's Complaint is a Denial Order from the Equal Employment Opportunity Commission (EEOC) dated April 15, 2014, which states that if the Plaintiff disagrees with the Commission's decision, the Plaintiff has 90 days to file suit in District Court. (See Dkt. No. 1-1 at 7-8 of 12.)

[2]The Plaintiff last worked for the Defendant in 1996. See Notification of Personnel Action which shows that her last day in pay status was May 10, 1996. (Dkt. 6, Ex. 1).

1

6; see also Dkt. No. 1.)   That motion is before the undersigned United States Magistrate Judge for a report and recommendation.  28 U.S.C. § 636(b) and Local Civil Rule 73.02, DSC.

On September 2, 2014, the Plaintiff was provided a copy of the Defendant's motion and was given an explanation of dismissal and summary judgment procedure, as well as pertinent extracts from Rules 12 and 56 of the Federal Rules of Civil Procedure similar to that required by Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975).

On September 30, 2014, the Plaintiff filed her opposition to the motion to dismiss which she characterized verbatim as one which "the Defendant requested the Court to dismiss Plaintiff case because she is not represented by Counsel."  Furthermore, "(o)nce again, the Defendant is asking the Court to violate the Rights of a disabled, the Rights of pro se litigants, as well as the Rights of any other citizen with whom they disagree. ...and the Courts continue to affirm these illegal acts."  Last of all, the Plaintiff noted, "(a)n African-American, disabled veteran, and tax paying citizen 'With all Due Respect' historically, the American Judicial System has been African-Americans number one enemy since the first African, bound by the shackles of slavery stepped on American soil....This imperfect system is based on money, perceptively, a business opportunity for lawyers."  Hence, it appears consideration of the motion is appropriate.

### Rule 12(b)(6) Standard

Federal Rule of Civil Procedure 12(b)(6) permits a party to move for dismissal if the opposing party fails to state a claim for which relief can be granted.  Federal Rule of Civil Procedure 8(a) sets forth a liberal pleading standard, which requires only a "'short

and plain statement of the claim showing the pleader is entitled to relief,' in order to 'give the defendant fair notice of what... the claim is and the grounds upon which it rests.'" Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)).  "To survive a Rule 12(b)(6) motion to dismiss, the facts alleged 'must be enough to raise a right to relief above the speculative level' and must provide 'enough facts to state a claim to relief that is plausible on its face.'" Robinson v. American Honda Motor Co. Inc., 551 F.3d 218, 222 (4th Cir. 2009) (quoting Twombly, 550 U.S. at 555, 569).  Accordingly, a complaint does not require detailed facts; however, a "formulaic recitation of the elements of a cause of action will not do." Twombly, 550 U.S. at 555.  When determining a motion to dismiss pursuant to Rule 12(b)(6), the court must take all well-pled material allegations of the complaint as admitted and view them in the light most favorable to the non-moving party. See De Sole v. United States, 947 F.2d 1169, 1171 (4th Cir. 1991) (citing Jenkins v. McKeithen, 395 U.S. 411, 421 (1969)).

In addition, pro se complaints are held to a less stringent standard than those drafted by attorneys. Gordon v. Leeke, 574 F.2d 1147, 1151 (4th Cir. 1978).  Consequently, a federal district court is charged with liberally construing a complaint filed by a pro se litigant to allow the development of a potentially meritorious case. Erickson v. Pardus, 551 U.S. 89, 127 S.Ct. 2197, 167 L.Ed.2d  1081 (2007).  The requirement of a liberal construction does not mean, however, that the court can ignore a pro se Plaintiff's clear failure to allege facts that set forth a cognizable claim, or that a court must assume the existence of a genuine issue of material fact where none exists. See United States v. Wilson, 699 F.3d 789, 797 (4th Cir. 2012).  Moreover, a court may

not construct the Plaintiff's legal arguments for her, Small v. Endicott, 998 F.2d 411 (7th Cir. 1993), and a district court is not required to recognize "obscure or extravagant claims defying the most concerted efforts to unravel them." Beaudett v. City of Hampton, 775 F.2d 1274, 1277 (4th Cir. 1985), cert. denied, 475 U.S. 1088, 106 S.Ct. 1475, 89 L.Ed.2d 729 (1986).

## Discussion

A review of the record and relevant case law reveals that the Defendant's motion should be granted.

In a wholly conclusory fashion, the Plaintiff alleges that she "was discriminated on the basis of race, sex, disability, age, & reprisal." (Dkt. No. 1-1 at 11 of 12.)  The Plaintiff states, inter alia, "(t)he US Postal Service violated my constitutional rights, unjustly removed a disabled veteran, and for the past fifteen years continuously re-opening past issues for their benefit/suppression and retaliation against complainant for standing firm, EEOC/lower court allowed/affirm these acts." (Id.)

Based on the EEOC Denial Order dated April 15, 2014, mentioned previously, which the Plaintiff attached to her Complaint, her current allegation of discrimination is based upon her receipt, in February of 2011, of a notice from the Office of Personnel Management (OPM) "that it would be collecting a government debt on behalf of the Agency for past due health benefits." (Dkt. No. 1-Ex. 1 at 7 of 12.)  The Denial Order opines that her action would have been more appropriate under the Debt Collection Act, 31 U.S.C. § 3711, et seq.  The Denial Order concluded that the "Commission was without jurisdiction to decide matters arising under the Debt Collection Act ." (Id.)

Hence, it appears that the action may actually be a futile attempt to appeal a

debt collection decision of the OPM, not a Title VII employment discrimination action, as it was denominated. The Plaintiff made no statement of facts upon which relief can be granted. The federal district courts have subject matter jurisdiction over Title VII claims by federal employees, 42 U.S.C. § 2000e-16 (c), and to the extent that the Plaintiff seeks to claim a violation of Title VII, this Court has jurisdiction; however, Plaintiff has failed to allege any facts which support a Title VII claim. As the EEOC noted in its Denial Order, the Plaintiff's grievance appears to be with the OPM and with the federal government's debt collection process. This is not a basis for a Title VII action.

Even assuming, arguendo, that the Plaintiff is trying to bring an employment discrimination claim, her employment discrimination claims have been exhaustively reviewed on the merits and found to be baseless by this court and the Fourth Circuit Court of Appeals[3]. See, C/A No. 2:07-825-DCN-RSC, (D.S.C. June 1, 2007) appeal affirmed; C/A No. 2:00-2027-DCN-RSC (D.S.C. April 6, 2001); appeal affirmed; C/A No. 2:99-3522-DCN-RSC (D.S.C. August 30, 2000); appeal affirmed. As such, the instant action is barred by the legal doctrine of res judicata, also referred to as claim preclusion. See e.g., Keith v. Aldridge, 900 F.2d 736, 739 (4th Cir.), *cert. denied*, 498 U.S. 900 (1990).

---

[3] The court may take judicial notice of its own files and records. Colonial Penn Ins. Co. v. Coil, 887 F.2d 1246, 1239 (4th Cir.1989) ("We note that '[t]he most frequent use of judicial notice of ascertainable facts is in noticing the content of court records.' "); see also Aloe Creme Lab., Inc. v. Francine Co., 425 F.2d 1296, 1296 (5th Cir.1970).

## Conclusion

Accordingly, for the aforementioned reasons, it is recommended that the Defendants' motion to dismiss (Dkt. 6) be granted, and this matter ended.

IT IS SO RECOMMENDED

October 22, 2014

Charleston, South Carolina

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. **Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.** "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> **Robin L. Blume, Clerk**
> **United States District Court**
> **Post Office Box 835**
> **Charleston, South Carolina 29402**

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).